UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MY RETIREMENT ACCOUNT SERVICES, LLC<br>1105 State Road 121 North<br>Murray, Kentucky 42071<br><br>      Plaintiff<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE<br>TREASURY<br>1500 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20220<br><br>      Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. _____ |

## COMPLAINT

This is an action for trademark infringement, initial interest confusion, reverse confusion, and unfair competition under the Lanham Act against Defendant, United States Department of the Treasury, an agency of the United States government.

Plaintiff, My Retirement Account Services, LLC, is seeking a permanent injunction, damages, profits, treble damages for profits, attorney fees, and costs. Plaintiff, appearing through undersigned counsel, alleges as follows:

## PARTIES

1. Plaintiff, My Retirement Account Services, LLC ("Plaintiff"), is a Kentucky limited liability company having its principal place of business at 1105 State Road 121 North, Murray, Kentucky, 40271.

2. Upon information and belief, Defendant, United States Department of the Treasury ("Defendant" or "Treasury"), has its principal place of business at 1500 Pennsylvania Avenue N.W., Washington, D.C., 20220.

1

## JURISDICTION AND VENUE

3. This is a claim for damages and injunctive relief for trademark infringement, initial interest confusion, reverse confusion, and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, including §§ 1114(1), 1122(a) and (c), and 1127.

4. The United States has waived its sovereign immunity for any violation under the Lanham Act, including suits against the United States and all agencies and instrumentalities of the United States under 15 U.S.C. § 1122(a) and (c).

5. This Court has subject matter jurisdiction over this action pursuant to the Lanham Act, 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

6. Venue is proper in this judicial district under 28 U.S.C. §1391(b) because Defendant transacts business within this district, and the acts complained of herein, which have caused or are continuing to cause injury to Plaintiff, have occurred and are continuing to occur within this district.

## FACTUAL BACKGROUND

7. Plaintiff is the owner of all rights in the federally registered mark GETMYRA.COM (Reg. No. 4,064,143), for individual retirement account services. Plaintiff, including through its predecessor-in-interest, has used the GETMYRA.COM mark to identify and distinguish its services since at least as early as 2009. A copy of the GETMYRA.COM registration is attached hereto as Exhibit 1.

8. Plaintiff acquired the GETMYRA.COM registration, mark and goodwill by assignments from SBG Investments, Inc. to SGB 1320, LLC, on January 1, 2011, and from SBG 1320, LLC to My Retirement Account Services, LLC on January 2, 2011, copies of which assignments are attached hereto as Exhibits 2 and 3.

9. Plaintiff is the owner of all rights in the common law mark, MYRA, and has pursuant to its application having Serial Number 86/305,722, applied to register its MYRA mark with the United States Patent and Trademark Office. Plaintiff, including through its predecessor-in-interest, has used the MYRA mark to identify and distinguish its individual retirement account services since at least as early as 2009 (collectively, the GETMYRA.COM and MYRA marks are referred to herein as the "MYRA Marks").

10. On January 28, 2014, President Obama gave his State of the Union Address in which, among other things, he announced his plan to direct the United States Department of the Treasury to create a new retirement investment program which he identified as a "starter savings account" to be backed by the federal government and to be called "myRA."

11. On January 30, 2014, the United States Department of the Treasury, Bureau of Fiscal Services, filed an application to register "myRA" for retirement savings program services (S.N. 86/180,134) based on intent to use. Thereafter the Trademark Examiner issued an Office Action refusing the Government's application to register and cited the GETMYRA.COM registration as confusingly similar to the applied-for mark as its basis for refusal. The United States Department of the Treasury has until November 13, 2014 to respond to the Office Action.

12. Visitors to the My Retirement Account Services, LLC website, kingdomtrustco.com, including via its getmyra.com website which is directed to kingdomtrustco.com, spiked after the State of the Union Address. At 8:00 p.m. on January 28, 2014, the site experienced a 1400% increase in sessions, as compared to the hour before. On January 29, 2014, the number of kingdomtrustco.com page views spiked to 715, a 45% increase from the prior day. From January 28-31, 2014, the site had a higher than average drop-off rate, as well.

13. Defendant announced and is promoting its plan to offer the new starter retirement account to be called "myRA" before the end of 2014 which announcements have been publicized in various print and internet media.

14. Since the State of the Union Address, Plaintiff's internet presence, identified with its MYRA Marks, has effectively been nullified by the glut of information on the internet regarding the Government's "myRA" retirement investment product and initial interest confusion and reverse confusion caused by Defendant's infringement of Plaintiff's MYRA Marks.

## COUNT I
## INFRINGEMENT UNDER THE LANHAM ACT (15 U.S.C. § 1114) – DIRECT CONFUSION

15. Plaintiff repeats and realleges paragraphs 1 through 14 herein.

16. Defendant is using the infringing "myRA" mark in connection with its proposed retirement savings program services and its advertising and promotion of those services to the general public. Defendant's "myRA" mark is confusingly similar to Plaintiff's MYRA Marks.

17. At all times, Plaintiff's services under the MYRA Marks have included offering qualified (as opposed to non-qualified) individual retirement account services. Defendant is also offering qualified individual retirement account services under its "myRA" mark and in direct competition with Plaintiff's qualified retirement account services.

18. Defendant has offered and is offering its services and product in connection with the infringing "myRA" mark in interstate commerce. As a direct consequence of Defendant's infringement, Plaintiff's customers and the public are likely to be, and have been, deceived and confused as to the source, origin, sponsorship and/or endorsement of Defendant's services and its relationship to Plaintiff.

19. On or about March 25, 2014, Plaintiff notified Defendant of its MYRA Marks and Defendant's infringement. Despite such notice, Defendant persists in intentionally infringing Plaintiff's mark despite the confusion that Defendant's use is causing and is likely to cause in the future. Defendant's conduct is unlawful and constitutes trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

20. By reason of Defendant's unlawful conduct and infringement in violation of the Lanham Act, Plaintiff has suffered, and will continue to suffer, damage to its business, reputation and goodwill, for which Plaintiff is entitled to injunctive relief and monetary damages, and Plaintiff will continue to suffer irreparable harm which cannot be fully compensated by money damages unless Defendant's conduct is enjoined by this Court.

## COUNT II
## INFRINGEMENT UNDER THE LANHAM ACT (15 U.S.C. § 1114) – INITIAL INTEREST CONFUSION

21. Plaintiff repeats and realleges paragraphs 1 through 20 herein.

22. Defendant's infringing use of its "myRA" mark has caused and will continue to cause initial interest confusion among the general public and Plaintiff's customers and/or potential customers.

23. The general public and Plaintiff's customers and potential customers will be initially confused when searching the internet using Plaintiff's MYRA Marks because their search will result in pages upon pages of web hits and websites associated with Defendant's "myRA" savings program services and infringing mark.

24. Initial interest confusion is an independent mechanism of, and basis for, infringement without regard to actual confusion at the point of sale, and Plaintiff has been and will be irreparably damaged by said confusion in multiple ways, including the nullification of Plaintiff's ability to promote its services using its MYRA Marks and the loss of potential

customers who cannot find Plaintiff's individual retirement account services at all or who may find the Defendant's competing product an acceptable alternative.

25. By reason of Defendant's unlawful conduct and infringement, Plaintiff has suffered, and will continue to suffer, damage to its business, reputation and goodwill, for which Plaintiff is entitled to injunctive relief and monetary damages, and Plaintiff will continue to suffer irreparable harm which cannot be fully compensated by money damages unless Defendant's conduct is enjoined by this Court.

## COUNT III
## INFRINGEMENT UNDER THE LANHAM ACT (15 U.S.C. § 1114) – REVERSE CONFUSION

26. Plaintiff repeats and realleges paragraphs 1 through 25 herein.

27. Defendant's infringing use of its "myRA" mark has caused, and will continue to cause, reverse confusion amongst the general public and Plaintiff's customers and potential customers.

28. The general public and Plaintiff's potential customers have been and will be confused as to the identity of the lawful and infringing users of the marks at issue, thereby damaging Plaintiff's reputation and goodwill.

29. Because the "myRA" mark is being used by the United States Government to promote a proposed national retirement savings program, the general public and consumers, including Plaintiff's customers and potential customers, have been and will be confused into believing that Defendant is the senior user, and that Plaintiff is actually infringing upon Defendant, and that Defendant's product is the legitimate or superior product given the federal government's ability to out-promote Plaintiff using its infringing mark.

30. Defendant's conduct, which has caused and will cause reverse confusion, will make it impossible for Plaintiff to control its own reputation and goodwill.

31. By reason of Defendant's unlawful conduct and infringement in violation of the Lanham Act, Plaintiff has suffered, and will continue to suffer, damage to its business, reputation and goodwill, for which Plaintiff is entitled to injunctive relief and monetary damages, and Plaintiff will continue to suffer irreparable harm which cannot be fully compensated by money damages unless Defendant's conduct is enjoined by this Court.

## COUNT IV
## UNFAIR COMPETITION UNDER THE LANHAM ACT (15 U.S.C. §1125(a))

32. Plaintiff repeats and realleges paragraphs 1 through 31 herein.

33. Plaintiff's use of its MYRA Marks in connection with its services since as early as 2009 has established in the minds of consumers an association between Plaintiff's MYRA Marks and Plaintiff as the source of its retirement account services. Plaintiff's MYRA Marks are inherently distinctive and have secondary meaning as an identification of the source of Plaintiff's services.

34. Without Plaintiff's authorization, Defendant adopted and has begun using the infringing "myRA" mark in connection with its competing retirement plan services, and is promoting to the general public its services in connection with the "myRA" mark, which is confusingly similar to Plaintiff's MYRA Marks.

35. Upon information and belief, Defendant has offered and provided its services and advertised its services in connection with the "myRA" mark in interstate commerce. As a direct consequence of Defendant's unlawful conduct, Plaintiff's customers and potential customers are likely to be, and have been, deceived or confused into believing that Defendant's services are authorized by, licensed by, or otherwise associated with Plaintiff.

36. Defendant continues to intentionally infringe Plaintiff's mark despite notice of Plaintiff's MYRA Marks and to intentionally and unfairly compete with Plaintiff using the public's confusion to its advantage.

37. Defendant's use of the "myRA" mark constitutes false representation as to the source in violation of the Lanham Act, 15 U.S.C. § 1125(a).

38. By reason of Defendant's unlawful conduct in violation of the Lanham Act, Plaintiff has suffered, and will continue to suffer, damage to its business, reputation and goodwill, for which Plaintiff is entitled to injunctive relief and monetary damages, and Plaintiff will continue to suffer irreparable harm which cannot be fully compensated by money damages unless Defendant's conduct is enjoined by this Court.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor and grant the following relief:

1. An injunction enjoining Defendant and its officers, directors, employees, subsidiaries, affiliates, agencies and/or instrumentalities from using any mark, trade name, or source identifier which is confusingly similar to Plaintiff's MYRA Marks, including but not limited to the Defendant's "myRA" mark;

2. An injunction that Plaintiff be awarded its actual damages in an amount to be proven at trial;

3. That Defendant be required to account for any revenues attributable to its infringing acts;

4. That Plaintiff be awarded three times the damages sustained by Plaintiff, including pre-judgment interest;

5. That all products, labels, signs, prints, packages, brochures and advertising and promotional materials in Defendant's possession bearing the infringing marks referenced herein or any word, term, name, symbol, device, combination thereof, or designation, description or representation that is found in violation of the Lanham Act, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making same, shall be delivered up by Defendant and destroyed;

6. That pursuant to 15 U.S.C. § 1116, Defendant files and serves a report under oath within 30 days of the issuance of injunctive relief indicating the manner in which it has complied with any injunctive relief ordered by the Court;

7. That Plaintiff be awarded its reasonable attorney's fees in prosecuting this action; and

8. That Plaintiff be granted any and all such other relief that the Court deems just and proper.

Respectfully submitted,

/s/ H. Jay Spiegel
H. JAY SPIEGEL
D.C. Bar No. 405644
H. JAY SPIEGEL & ASSOCIATES
P.O. Box 11
Mount Vernon, Virginia 22121-0011
Telephone: (703) 619-0101
Facsimile: (703) 619-0110
Email: jayspiegel@aol.com

G:\doc\KAC\Saved by Grace\MYRA Litigation\Complaint - Final.doc